[No. 6844.]

## THE PEOPLE v. FARMERS' HIGH LINE CANAL AND RESERVOIR CO.

1. BRIDGES—*Duty of Owner of Ditch to Construct—Statute Construed*—Under sec. 38 of the act of March 9, 1883, (Laws 1883, 261) and the amendment thereof by act of March 16, 1885, (Laws 1885, 324, Rev. Stat. sec. 5829) one owning a ditch over which, subsequent to its original construction, a public highway is laid out, and which by subsequent enlargement acquires a width exceeding twenty feet, must maintain, as part of the highway, a bridge at such point of intersection—(631).

The phrase "constructing any ditch", applies as well to an enlargement as to original construction—(632).

2. ACTION—*Assumpsit—Money Paid for the Use of Another* —The owner of an irrigating ditch refuses to construct a bridge where it crosses a public road, as he is required by statute to do. The county constructs such bridge at its own cost. The moneys expended may be recovered by the county—(632).

*Error to Jefferson District Court.*—HON. FLOR ASH-BAUGH, Judge.

Mr. WALTER M. MORGAN, District Attorney, Mr. GEORGE B. CAMPBELL and Mr. WILLIAM A. DIER, for plaintiff in error.

Mr. GEORGE W. TAYLOR, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action arises over a dispute between the county of Jefferson and the defendant in error, The Farmers' High Line Canal and Reservoir Company (a corporation), as to who shall construct a new bridge over the defendant's canal at a certain point in Jefferson county where a public highway crosses over the canal, or, where the canal passes through the highway, as plaintiff's counsel see fit to state it.

In 1906 the board of county commissioners notified the defendant company to construct a new bridge at the point in question. The company declined; the county constructed the bridge and brought this action to recover its value, together with certain alleged penalties. Upon trial to the court a non-suit was granted. The plaintiff brings the case here for review upon error.

The evidence is very indefinite upon certain portions of the facts pertaining to the history of the contention, evidently upon account of their transpiring so long ago, but it reasonably discloses that in 1873 the predecessors in

interest of the defendant in error added an extension to their then existing irrigation ditch situate in Jefferson county; that this extension traversed the line where the bridge in controversy is now situate; that the ditch as then constructed was somewhere from six to ten feet wide at the top; that at that time there was no public highway located at that point; that in October 1875 a petition was presented to the board of county commissioners in harmony with the provisions of the statutes for the purpose, and by which a public highway was laid out along this line, and thereafter, was thrown open to the public; that about 1877 a bridge was constructed by the county over the ditch at this point; that this bridge was from eight to twelve feet in length; that it was thereafter maintained by the county up to 1893, during which period it was evidently enlarged a little, for the reason that the evidence shows that the ditch was enlarged from time to time in '80, '81, again in 1886, and possibly in 1890, when it was at least fourteen feet wide on the top at the point where the bridge was situate. It was thereafter again enlarged for the reason that Mr. Johnson, the superintendent of the defendant in error, testified that a new bridge was constructed at the point in question in 1893, which was twenty-eight feet long; that this bridge was constructed by The Farmers' High Line, the old company, meaning the predecessors of the present defendant in error. There is abundant evidence which discloses that the ditch had then been enlarged so as to require a bridge of this length. This bridge was thereafter maintained by the county until 1906, when the present contention arose, and when the present new bridge of a similar size was constructed by the county.

Numerous cases have been cited upon the rules of the common law as to the rights and liabilities of rail-

roads, canals and other companies with similar properties
crossing public highways, but none of which furnish us
any material assistance upon account of our legislative
enactments upon the subject.  By section 38 of the act of
1883 it was provided that any corporation, etc., owning
or constructing any ditch, etc., in, upon or across any
highway, shall keep the highway open for safe and con-
venient travel by constructing bridges over such ditch,
or by providing other safe and convenient ways across or
around the said ditch, and within five days after any ditch
is constructed across, in or upon any highway the person
or persons owning or constructing such ditch shall erect
a good and substantial bridge across the same which shall
thereafter be maintained by the county.—Session Laws of
1883, page 261.

 This section was amended in 1885.  The material
portion of the section, as amended, reads,

"Any person or persons, corporation or company,
owning or constructing any ditch,  *  *  *  in, upon
or across any highway, shall keep the highway open for
safe and convenient travel by constructing bridges over
such ditch, race, drain or flume; and, within five days
after any ditch is constructed across, in or upon any high-
way, at any point thereof, so as to interfere with or
obstruct such highway, the person or persons owning or
constructing such ditch shall erect a good and substantial
bridge, of not less than twenty feet in width, across the
same, which shall thereafter be maintained by the county;
Provided, That all such bridges which shall be of greater
length than twenty (20) feet shall be constructed as
herein provided, and thereafter maintained in proper con-
dition for safe travel by the owner or owners of said
ditch."—Session Laws, 1885, p. 324.

Counsel for the defendant in error contends that this ditch is not subject to the provisions of the act of 1883 or the amendatory act of 1885, for two reasons; first, because the canal was constructed prior to the existence of either of these acts; and second, that they are not applicable to this case because the canal was in existence and in operation prior to the existence of the road.

To sustain the contention that the statute applies only to ditches constructed after its passage, they rely upon *The Farmers' High Line Canal and Reservoir Company v. Westlake*, 23 Colo. 26, in which, referring to the act of 1885, at page 29, this court said,

"Moreover, the statute applies only to ditches constructed after its passage. This is apparent from subsequent portions of the act, making it the duty of the county in which the bridge is situate to maintain the same after it is once constructed, and fixing a penalty in case the bridge is not built within five days after the ditch is constructed across the highway, etc."

To sustain the second contention they rely upon the *City of Denver v. Mullen et al.*, 7 Colo. 345, wherein they claim it was held where a ditch was laid out and operated over a tract of land which was afterwards laid out into city lots, and the city accepted a dedication of the streets, which included that portion across the ditch, that when the necessity of the public required that such ditch be bridged at the street crossings, it was the duty of the city and not of the owners of the ditch to construct such bridges.

Accepting the alleged ruling in both cases as being applicable to this ditch, as it was constructed and in existence in 1875 when the road was laid out, and when it required a bridge from eight to twelve feet in length, and also as to its existence and condition in 1883 and 1885

when these statutes were adopted and when it required
a similar bridge; does it follow that the act of 1885 is
not applicable to the enlargements of ditches, which en-
largements are made subsequent to the date of this act and
subsequent to the date that the public highway crossing
it came into existence, when, by virtue of such enlarge-
ments, it then required bridges to be constructed over it
and thereafter maintained in excess of twenty feet in
length? We do not think that this act will permit of this
construction; if so, the result would be that its provisions,
so far as placing any burden upon the ditch owner is
concerned, in the future maintenance of bridges, in ex-
cess of twenty feet in length, could be entirely defeated.
For instance, a ditch could be constructed which only
required bridges less than twenty feet in length; it could
thereafter be enlarged repeatedly, limiting each enlarge-
ment to a space, which, of itself, would not require an ex-
tension to the former bridge of twenty feet in length, yet
the total length of which would exceed that distance, and
this process of enlargement with additions could continue
indefinitely with the result that the limit of twenty feet
could be exceeded several times, yet when no one exten-
sion covered that distance. If this rule were to prevail
it would be applicable here, with the result that the de-
fendant in error would not be subject to the provisions of
the act of 1885 upon account thereof, and for the further
reason that the road was laid out subsequent to the con-
struction of the original ditch. This would present the
anomalous position that where the owners of a canal con-
structed it all at one time, they would be burdened with
the penalty of maintaining bridges in excess of twenty
feet in length, while others constructing theirs in piece-
meal, which would ultimately call for bridges of a similar
length or greater, would be relieved from their future

maintenance; also, that the subsequent enlargement of ditches in existence prior to the adoption of the act of 1885, or prior to the laying out of a road, would not be subject to this provision for the same reason. We cannot accept either position. For the purposes of these acts the enlargement of a ditch is the construction of that portion of it included within the enlargement. To put it in another way, the widening and deepening of a ditch already constructed is the construction of that portion of the ditch included in the additional space, both width and depth covered by the enlargement. We are of opinion that a proper construction of the act of 1885 is that it was intended to cover the future maintenance of a bridge in excess of twenty feet in length required by either original construction or enlargement; that the words "constructing any ditch" applies equally as well to an enlargement as to the original construction, also, that the words "that all such bridges which shall be of greater length than twenty feet" applies equally as well to all such, the necessity of which was caused by the enlargement of the canal, as well as by its original construction. It follows that the plaintiff's evidence was sufficient to establish a *prima facie* case and that the motion for non-suit should have been overruled.

The judgment is reversed and the cause remanded.

*Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.